## RAYMOND STALLINGS v. THE STATE.

No. 17702.   Delivered October 30, 1935.

The opinion states the case.

*Grady L. Fox,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for being a delinquent child; punishment, three years confinement in the State juvenile training school at Gatesville, Texas.

Appellant was charged by complaint and information with being a delinquent child, to-wit: a male child under the age of seventeen years, who had theretofore been guilty of a violation of the penal laws of this State. It was charged in one count of the complaint, in terms usual in charging the offense of burglary, that appellant in December, 1934, had burglarized the house of one Upchurch. In the second count it was alleged, in appropriate terms, that at a date anterior to that of the complaint herein this appellant in September, 1934, had burglarized the house of one Jansen; that he was tried for said offense, found guilty and given a suspended sentence. In the third count it was alleged, in appropriate terms, that in September, 1934, appellant had stolen certain automobile casings from one McDade, and that in November, 1934, he pleaded guilty to each offense and was adjudged to pay a fine. It was also alleged in each count that the acts and offenses charged constituted and made appellant a delinquent child.

It seems unnecessary for us to discuss the sufficiency of the complaint and information, since it becomes our duty to reverse this case because of the argument complained of in bill of exceptions No. 1. From same it appears that while the county attorney was making his argument to the jury he said: "If the defendant's attorney hadn't objected so much and the court hadn't sustained him in his objections, I would have proved a whole lot more on this boy than I have."

This argument was objected to, and the court requested to instruct the jury not to consider same, which request was denied by the court. It would seem unnecessary for us to discuss the impropriety of such argument, or the possible harm of same to this appellant who was given a penalty much in excess of the minimum. For the prosecuting attorney to state, from his place at the bar, to the jury that but for proper objections of defendant's attorney, which were sustained by the court, he would have proven a good many more things against this unfortunate defendant than were proven,—so plainly was a statement of matters capable of much harm and of having influenced the jury in the fixing of the penalty, as that we can not with any sort of propriety decline to reverse this case.

We deem it proper in reversing the case to call attention to the fact that appellant's father, testifying in February, 1935, said that this appellant would be seventeen years of

age in April, 1935, and that this fact would make it improper, under the terms of our statute and under the decisions, of this court, to hereafter attempt to try this appellant as a delinquent child.

In McLaren v. State, 85 Texas Crim. Rep., 31; Watson v. State, 90 Texas Crim. Rep., 576; Walker v. State, 119 Texas Crim. Rep., 330, and other cases this court has laid down the rule that the age of the accused at the time of the trial must determine the question as to whether he be tried as a juvenile delinquent, or as one guilty of the felony charged against him, and that if it appear that at the time of trial he be seventeen years of age or over, he could not be tried as a juvenile delinquent, irrespective of what may have been his age at the time he committed the offense in question. It would necessarily follow that if hereafter the State, through its proper channel, should seek to try this appellant for the burglary of the house of Mr. Upchurch, as is alleged in count one of the complaint herein, there would have to be an indictment returned charging appellant with the commission of said offense.

For the reasons stated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*