### STATE v. FERRELL.

#### No. 14922.

Court of Civil Appeals of Texas.
Fort Worth.

March 5, 1948.

Rehearing Denied April 2, 1948.

Elmer H. Parish and Ray Martin, both of Wichita Falls, for appellant.

J. W. Friberg, Davenport & Anderson, and John Davenport, all of Wichita Falls, for appellee.

McDonald, Chief Justice.

On August 1, 1947, Mary Kathryn Ferrell shot and killed her husband. This proceeding was brought to have her declared a delinquent child, she being under eighteen years of age, under the provisions of Art. 2338—1, Vernon's Ann.Civ.St.

On the day of trial she filed a written plea alleging that she was in such mental condition at the time of the shooting that she did not realize what she was doing and did not know right from wrong. The County Attorney moved to strike the plea of insanity, but the motion to strike was overruled, and evidence was admitted on the question of insanity.

Two issues were submitted to the jury. The first, answered in the negative, inquired if Mary Kathryn Ferrell was a delinquent child. The second, answered in the affirmative, was: "Do you find from a preponderance of the evidence that Mary Kathryn Ferrell is not a delinquent child by reason of insanity at the very time of the shooting, if any, of James Edward Ferrell?"

The County Attorney and the District Attorney appeal on behalf of the State, presenting twelve points of error. Under the first three they argue that insanity is no defense in a proceeding such as this. They argue that the shooting was a felony, whether she was insane at the time or not, and that the only consequence of her being insane would be that she could not be punished for her act, citing Article 34 of the Penal Code. Art. 2338—1 provides that one is a delinquent child who violates any penal law of this state of the grade of felony. It is our opinion that Mary Kathryn Ferrell was not guilty of a felony if she was insane at the time of the killing. 12 Tex.Jur., p. 286; 24 Tex.Jur., p. 387; 14 Am.Jur., p. 788 et seq.; Kiernan v. State, 84 Tex.Cr. R. 500, 208 S.W. 518.

The petitioner objected to the insanity plea on the ground that the State had not had opportunity to make preparation to meet the insanity plea, whereupon the Court advised the petitioner that the case would be continued for a week if necessary in order to give the State time to meet the insanity defense. Instead of availing himself of the delay thus offered, the petitioner proceeded at once with the trial. We see no reversible error.

In submitting the two special issues to the jury, the Court submitted eleven numbered instructions, one of which pertained to the burden of proof on the insanity question. The instruction reads in part as follows:

"It is not necessary under the law that the insanity of Mary Kathryn Ferrell should be established beyond a reasonable doubt; but the burden is upon her to establish it to your satisfaction by the weight or preponderance of evidence, such and so much proof as to reasonably satisfy you of the existence of insanity at the time; and if you do so find or if you have a reasonable doubt thereof, you will find that Mary Kathryn Ferrell is not 'a delinquent child,' by reason of insanity."

The charge on the burden of proof as to insanity was confusing. Under some of the language of it the burden was properly cast upon Mary Kathryn Ferrell to prove insanity by a preponderance of the evi-

dence, but from the use of the expression "if you have a reasonable doubt thereof, you will find that Mary Kathryn Ferrell is not 'a delinquent child,' by reason of insanity" the jury could well have been led to believe that the burden was upon the State to prove her sanity beyond a reasonable doubt. It has been held by the Court of Criminal Appeals that the burden rests upon the defendant to prove that he was insane at the time of and with regard to the particular act. Leache v. State, 22 Tex.App. 279, 3 S.W. 539, 58 Am.Rep. 638; Trahan v. State, 117 Tex.Cr.R. 320, 35 S.W.2d 169; Querner v. State, 127 Tex.Cr.R. 410, 76 S.W.2d 520. The error in the instruction of the court could have influenced the verdict here, especially in view of the weak character of the testimony regarding insanity. It is undisputed that Mrs. Ferrell and her husband engaged in a quarrel just before and just after they went to bed; that Ferrell arose and lighted a cigaret and Mrs. Ferrell did likewise; that Ferrell lay back down on the bed, smoking the cigaret; that Mrs. Ferrell took a pistol from a dresser drawer in the room, and stood at about the foot of the bed; that Ferrell told her that she ought to put the pistol away, that she might get into trouble; that she then shot him twice as he lay on the bed smoking the cigaret. There is no hint that he was threatening her with word or gesture. They were quarreling about attentions he was paying to another woman. A Doctor Parnell, appearing as a witness for Mrs. Ferrell, testified that in his opinion she knew right from wrong as she argued with her husband and as she took the pistol from the dresser drawer and up until the very time she raised the pistol and pulled the trigger, and that after she had fired the two shots her mind returned and she again knew right from wrong, but that she did not know right from wrong as she was firing the pistol. Points of error four and five, raising the question just discussed, are sustained.

The court gave an instruction on accidental homicide. While it is difficult for us to see how any reasonable mind could believe that the shooting was accidental, we forego passing on the question since the case is reversed on other grounds.

We overrule the eighth point of error without discussion.

■ Mrs. Ferrell's counsel argued to the jury that, "The court charges that if the jury has a reasonable doubt, they shall resolve that doubt in favor of the defendant and find that Mary Kathryn is not a delinquent child." This was an erroneous statement as to the law. Being a civil suit, the burden was on the petitioner to prove the case by a preponderance of the evidence, but not beyond a reasonable doubt.

In the argument to the jury, one of Mrs. Ferrell's attorneys made reference to a certain letter which had been excluded from the jury. Reference was also made by her attorneys to a certain lawyer as having represented Mr. Ferrell in a divorce suit, although there was no evidence to show such fact. Her counsel also criticised the County Attorney for objecting to the introduction of evidence, saying that the County Attorney wanted to exclude facts which the jury ought to know. These matters might or might not, if taken alone, have amounted to reversible error, but when we consider them along with the other matters above discussed, we are not willing to overrule the points of error pertaining thereto.

It is our opinion, and we so hold, that the judgment of the trial court should be reversed. We have not discussed the various provisions of Art. 2338—1 more fully because the statute has been discussed at great length in several cases. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217; Steed v. State, 143 Tex. 82, 183 S.W.2d 458; Espinosa v. Price, 144 Tex. 121, 188 S.W.2d 576, 160 A.L.R. 284; Santillian v. State, 147 Tex.Cr.R. 554, 182 S.W. 2d 812, 159 A.L.R. 1098; Ballard v. State, Tex.Civ.App., 192 S.W.2d 329; In re Hoskins, Tex.Civ.App., 198 S.W.2d 460, writ refused, no reversible error; In re Brown, Tex.Civ.App., 201 S.W.2d 844, writ refused, no reversible error.

■■ It appears from the record that Mrs. Ferrell is past eighteen years of age at the time this opinion is written. The juvenile court no longer has jurisdiction to maintain the present proceeding. If she is tried at all, it will have to be in a crim-

inal court of proper jurisdiction. The jurisdiction of the juvenile court depends on the age of the child at the time the case is tried, not the age at the time the offense was committed. Hardie v. State, 140 Tex. Cr.R. 368, 144 S.W.2d 571; Dendy v. Wilson, cited supra, loc. cit., 142 Tex. 460, 179 S.W.2d 269, 275, 151 A.L.R. 1217; annotation in 123 A.L.R. 446.

It is therefore ordered that the judgment of the trial court be reversed, and that the case be remanded to the trial court with instructions to dismiss the delinquency proceeding.

Reversed and remanded.