SOFIA PETERSON V. STATE.

No. 24962. November 15, 1950.
Rehearing Denied January 10, 1951.
Writ of Certiorari Denied by the Supreme Court of
the United States May 14, 1951.

Hon. A. O. Newman, Judge Presiding.

*Ross Hoffman,* Brady, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder, with a life sentence in the penitentiary.

The indictment charges appellant with the murder of Lewis Patterson on the 25th day of August, 1949, by shooting him with a gun. The record is without dispute that at the time of the commission of the offense accused was under eighteen years of age. She had been twice married and was from the State of Massachusetts, where her parents reside. She was a stranger in McCulloch County and, after spending the night in a hotel at Brady, she left with a younger girl as her traveling companion to hitch-hike a ride West.

A short distance from the town the deceased stopped and picked them up for a ride. Before going very far, Mr. Patterson was shot to death and left by the side of the road while the two girls drove away in his car with his money. The car was soon wrecked and abandoned, after which they proceeded to

San Angelo where they were arrested. On the way they got change for a $50.00 bill which, admittedly, was taken from Mr. Patterson.

Indictment was returned on the 3rd day of January following, after appellant had reached the age of eighteen years. The court immediately appointed attorneys to represent her and the record made discloses that they were very diligent in the performance of their duties and have brought to this court a complete record, which indicates that each question reasonable to raise has been saved. The questions before us are on the motion to quash the indictment, a challenge to the array of jurors, and a motion for change of venue.

The most serious question complains of the failure of the court to quash the indictment. This is based on the contention that defendant should have been tried as a juvenile immediately upon her arrest and being placed in jail in Brady, where she has been continuously kept. This contention could only be supported by the very confusing and uncertain Juvenile Act and the provisions of Section 5, Article 2338 of our Revised Civil Statutes.

While the question has been before us on former occasions it is, nevertheless a difficult one because of the inconsistent and illogical provisions of that law which we have heretofore pointed out. We think, however, that the matter is settled by the cases of Dearing v. State, 151 Tex. Crim. Rep. 6, 204 S.W. (2d) 963 and Roberts v. State, 153 Tex. Cr. Rep. 308, 219 S.W. 2d 1016. The Dearing case is particularly relied upon at this time.

After the arrest for the murder of Mr. Patterson and before she reached the age of eighteen years, appellant was taken to San Saba County and regularly charged under the so-called civil statutes above referred to. This was for an offense in that county. She was then remanded to the proper authorities who, according to the detailed evidence in the case, declined to place her in a home but left her in the custody of the sheriff of McCulloch County.

As we view it, there was no obligation on the part of the district attorney to institute proceedings in McCulloch County. It is a choice, but he had a right, under the holdings of this court, to bide his time until she reached the age of eighteen years, when he could prosecute her and try her for her crime as an

adult. We are unwilling to say that he is controlled by the civil statute. If we give full faith and credit to a civil statute which says that her act in killing Mr. Patterson is not a crime, then our conclusion that she could be tried later would become an absurdity. There is no possible way to reconcile such provision with the facts. Murder is murder, and always has been. No definition of any legislative act, whether criminal or denominated as civil, can change the existing fact. The jury found that she murdered Mr. Patterson and the evidence of the case amply sustains the finding. The complication thus presented makes the more difficult enforcement of our penal laws as against youthful offenders. The Dearing case gives the only reasonable solution of this complicated question and we are constrained to follow it in this case. In so doing we dispose of the first two questions presented.

The matter of change of venue was, under the evidence introduced, clearly within the discretion of the court. Whether or not he abused that discretion is determined by the proceedings to select a jury. Apparently there was no difficulty in finding a jury qualified under the law to try the case. McCulloch County does not have a great population but it is scattered over considerable area and we have no indication that there was any general discussion throughout its bounds. Evidence was introduced to show that the story of the murder was printed in the newspapers read by the people there, but there is no evidence as to the results which these stories had. In fact,, the kind of stories that were published is not revealed by this record. The evidence shows that some three or four national magazines which publish detective stories carried this, but only a few copies were shown to have been sold in the county. The circumstances of the killing and the robbery, as detailed before the jury, are very revolting. She was ably represented by counsel, though she had no money for her defense, was a stranger in the land, and the jury failed to give her the extreme penalty. The evidence presented by her in defense of her crime is so weak, compared to the rebuttal testimony, that it is hardly conceivable that any other jury would have done less.

Considering the entire record, we fail to find any indication that she suffered unduly by trial in McCulloch County. The results of the trial do not substantiate the contention that the trial court abused his discretion in refusing to remove the case.

We have considered all of the questions involved, in the light of the very able argument made in behalf of appellant's plea

for reversal, and have reached the conclusion that the judgment of the trial court should be affirmed and it is so ordered.

## ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

Appellant again stresses the matters set forth in Bill of Exceptions No. 2 and contends that she has been deprived of her statutory, as well as her constitutional rights, by being denied the privilege of being heard at her trial by herself, her counsel, or both, in that on the day prior to the one set for trial, appellant's attorneys, having previously filed a plea to the jurisdiction, desired to make an oral argument relative thereto, which argument the judge presiding refused to hear.

Appellant's bill relative to the above matter was not approved by the trial court, who disallowed the same and filed one of his own in lieu thereof. In such court's bill it was shown that this cause was set for trial on January 17, 1950; that prior to such date and any announcement of ready on January 6, 1950, appellant presented witnesses who were heard by the court relative to the juvenility of appellant, and after said witnesses were heard, the trial court refused to hear argument thereon; and this exception is based upon such refusal. The court's reason for such action seems to be based upon the proposition that he had discussed this matter with one of appellant's attorneys on a previous day, who had presented some authorities relative thereto; that the court had made a thorough study of the law governing every possible theory of the case and was familiar with the decisions relative thereto and had not only familiarized himself therewith but had also discussed the same with appellant's attorney. He therefore felt that in the interest of expediting this trial there was no reason to hear further argument nor further presentation of cases to which he had already been referred and which he had read and studied. Undoubtedly the trial court must have the right and privilege to govern the proceedings had in his presence and maintain proper order and decorum in his court. It is not every conceivable procedure in a court in which an accused shall be "heard by himself, or counsel, or both" as was held in the case of Leahy v. State, 111 Tex. Cr. R. 570, 13 S.W. (2d) 874.

In the present instance, appellant's attorney had previously gone into the matters set forth in such plea and familiarized the trial court with his ideas relative thereto, and when such mat-

ter was again alluded to on the day prior to the calling of the case for trial and announcement of ready, the trial court evidently having made up its mind, refused to again have these matters discussed, but correctly overruled such plea and on the following day proceeded with the trial. The matters presented in this plea have been recently ruled upon by this court, and in accord with the line of decisions thereon, as shown in the original opinion, appellant was put to trial and we think correctly so.

This Bill No. 2 evidences a correct ruling upon the part of the careful trial judge, and being impressed with the thought that this cause has been properly tried, the motion for a rehearing is overruled.