David DILLARD, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 216–219.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

March 19, 1969.

Rehearing Denied April 9, 1969.

Gerry O'Malley Walsh, M. Michael Gordon, Houston, for appellant.

Carol S. Vance, Dist. Atty., Joe S. Moss, Asst. Dist. Atty., Houston, for appellee.

BARRON, Justice.

This appeal involves four separate orders of the Juvenile Court of Harris County, Texas. The questions presented are essentially the same, and all appeals will be disposed of in this opinion. The appeals are from orders of the Juvenile Court transferring appellant, David R. Dillard, to a criminal district court for trial as an adult, under the provisions of Art. 2338–1, V.A.T.S., commonly known as the "Juvenile Act," as amended by the 60th Legislature in 1967.

Proceedings were commenced by appellee, the State of Texas, against appellant by the filing of four petitions in the Ju-

venile Court of Harris County. These petitions sought to adjudicate appellant as a delinquent child and accused him of two acts of murder and two acts of assault with intent to murder. Appellee did not pursue the delinquency petitions. In lieu thereof, appellee filed motions seeking waiver of juvenile jurisdiction as to each of the alleged offenses and certification of appellant to a district court for criminal proceedings.

The motions for waiver and certification were heard by the Juvenile Court without the aid of a jury. At the termination of the hearing, that court entered orders waiving juvenile jurisdiction and transferring appellant to the 176th Judicial District Court of Harris County, Texas for trial as an adult on all of the offenses alleged. Appellant has timely perfected his appeal to this Court.

Appellant was represented at the preliminary hearing and on this appeal by two able and competent attorneys. The record shows that David Dillard was born on February 7, 1952. The offenses were alleged to have been committed on March 10, 1968 and May 25, 1968. At the times of the alleged offenses, the appellant was over the age of 16 years. Petitions for delinquency were filed in the Juvenile Court on June 5, 1968. The hearing on motions to waive juvenile jurisdiction and to certify was held on September 16, 1968. The present appeals were filed by appellant in the Court of Civil Appeals on November 12, 1968. Appellant became 17 years of age on February 7, 1969.

The State of Texas, appellee, contends that as of February 7, 1969, on which day the appellant juvenile became 17 years of age, these causes became moot. The State contends that appellant cannot now be tried as a juvenile, and consequently this appeal and all orders entered by the trial court should be dismissed.

No hearing or trial on the merits of the delinquency petitions was ever held.

Article 2338–1, Sec. 5, V.A.T.S., pertaining to jurisdiction of juvenile courts, has been essentially unchanged since at least 1943, and the pertinent portion of the section now provides as follows:

"(c) When the juvenile court obtains jurisdiction of a *delinquent* child, its jurisdiction continues until the child is discharged by the court or until he becomes twenty-one years of age unless committed to the control of the agency of the state charged with the care, training, control of, or parole of delinquent children. The court's continued jurisdiction does not prejudice or bar subsequent or additional proceedings against the child under the provisions of this Act." (Emphasis added.)

Section 12 of the Act provides that if, while a criminal charge or indictment is pending against any person in a court other than a juvenile court, it is ascertained that the person is a *child at the time of the trial* for the alleged offense, it is the duty of the court in which the case is pending to transfer the child immediately, together with all papers, documents, and records of testimony connected with the case to the juvenile court of the county unless the child is being held under the authority of Section 6 of this Act. Section 6 of the Act provides for the procedure for waiver and transfer of jurisdiction and is a new feature of the act passed by the 60th Legislature in 1967.

Thus, Article 2338–1, Sec. 5 requires that the juvenile court adjudge a child to be a "delinquent" child before its jurisdiction of him continues until he is 21 years of age. It is the adjudication of delinquency which extends the court's jurisdiction. As was said in Lazaros v. State, 228 S.W.2d 972, 975 (Tex.Civ.App.), no writ hist.:

"When the trier of the facts found Billy a delinquent child, he automatically came under such (juvenile) court's jurisdiction until he should reach the age of 21 years * * *." (Parenthesis added.)

In Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217, the Texas

Supreme Court, speaking through Justice Sharp, stated:

> "Section 12 of the Act provides that a pending criminal case shall be transferred to the juvenile court when it appears that the defendant is within the statutory age limits *at the time of trial;* thus implying that if the defendant is above the statutory age limit at the time of trial, even though the act upon which the prosecution is based was committed while the defendant was within the age limits, the courts can try him for crime. This interpretation of the language of the Act is fortified by the fact that the Court of Criminal Appeals has always held that the *age at the time of the trial is controlling.*" (Final emphasis added.)

The Texas Court of Criminal Appeals has always held that the defendant's age at the time of trial is the controlling factor so far as the respective powers of the district court and the juvenile court are concerned. Dearing v. State, 151 Tex.Cr.R. 6, 204 S.W.2d 983, 986; Northern v. State, 216 S.W.2d 192, 196 (Tex.Cr.App.); Peterson v. State, 156 Tex.Cr.R. 105, 235 S. W.2d 138; McLaren v. State, 85 Tex.Cr. R. 31, 209 S.W. 669; Stallings v. State, 129 Tex.Cr.R. 300, 87 S.W.2d 255; Hardie v. State, 140 Tex.Cr.R. 368, 144 S.W.2d 571.

We recognize, of course, that there are circumstances possible when an appeal is taken from a juvenile court's order transferring and waiving jurisdiction which might result in a fraud upon a person under 17 years of age when a petition for *delinquency is filed in juvenile court*, by reason of the necessary delay occasioned by an appeal. Cf. Elliott v. State, 168 Tex. Cr.R. 140, 324 S.W.2d 218. However, nothing in that regard is assigned for review here, and we believe that no fundamental unfairness is involved.

■ Appellant, having been 16 years and more than 7 months of age when the hearing on transfer and waiver was held, and now being 17 years of age, may be tried for the alleged offenses as an adult in district court. The juvenile court has no further power to act in these cases. See State v. Ferrell, 209 S.W.2d 642, 644 (Tex. Civ.App.), writ ref., n. r. e.

We hold that the cases are now moot, and all previous orders are set aside. The juvenile cases are dismissed. See Guajardo v. Alamo Lumber Company, 159 Tex. 225, 317 S.W.2d 725.

Dismissed.

SAM D. JOHNSON, Justice (concurring).

This opinion concurs in the determination that these four juvenile cases are moot. It must be noted, however, that in the opinion of this writer there was fundamental error occasioned in the Juvenile Court in its effort to comply with the Juvenile Act, Art. 2338–1.

Nevertheless, the courts of this state have uniformly and historically held that the age of a juvenile defendant at the time of *trial* is controlling rather than his age at the time of the alleged offense. The defendant here became 17 years of age on February 7, 1969 and any disposition of these juvenile cases would now occur during or after his 17th year. It necessarily follows that the instant juvenile cases are moot, and, this being true, errors occasioned in the juvenile court are of no consequence. This is true even though on October 31, 1968, while the defendant was still 16 years of age, the Grand Jury returned felony indictments in each of the alleged offenses.

The Legislature first provided for Juvenile Court waiver and transfer of a child sixteen years of age or older for a trial of any felony in 1965. By virtue of Foster v. State, 400 S.W.2d 552 (Tex.Cr.App. 1966), substantial amendments in the Juvenile Act were dictated. In 1967, the Legislature amended Art. 2338–1, Sections 3, 5, 6, 12, 13, Vernon's Annotated Civil Statutes, and Art. 30, of Vernon's Annotated Penal Code. These, along with the

unchanged portions of Art. 2338–1, are the articles of statutory significance in juvenile proceedings or prosecution.

Neither the purpose of the amendatory act of 1967 nor the act itself specifies an intent that the age of the defendant at the time of the alleged offense rather than his age at the time of trial is to be controlling. The same is true of Art. 30, Vernon's Annotated Penal Code, for defendants over 15 years of age. It is not for the judiciary to supply a changed intent where the Legislature has not particularized it.

The entire Juvenile Act, taken together, would seem to hold the laudatory purpose of proceeding against a 15 or 16 year old juvenile in one of two ways, either as a juvenile in the Juvenile Court or as an adult after proper waiver of jurisdiction in compliance with the Act. The instant determination provides a third alternative which, though dictated by the Act itself, was undoubtedly beyond any legislative contemplation.