

# THE ATTORNEY GENERAL

# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 10, 1971

Honorable Robert M. Allen          · Opinion No. M-805
County Attorney
Rusk County Courthouse          Re:  Age limits of children
Henderson, Texas  75652               jurisdiction of juvenile
                                      courts.

Dear Mr. Allen:

Your request for an opinion asks whether:

A juvenile court has jurisdiction to declare a child delinquent when trial begins when the child (male) is sixteen but is not completed until after the child's seventeenth birthday.

According to the fact statement in the opinion request, the juvenile court began trial when the youth in question, a boy, was still sixteen years of age but the trial was then continued for about a month, during which time the boy became seventeen. After the continuance the boy was found delinquent.

The jurisdiction of the juvenile court is set by Section 5 of Article 2338-1, Vernon's Civil Statutes, as follows:

"Section 5(a)    The juvenile court has exclusive original jurisdiction in proceedings governing any delinquent child. . . .

"(c)  When the juvenile court obtains jurisdiction of a delinquent child, its jurisdiction continues until the child is discharged by the court or until he becomes twenty-one years of age, unless committed to the control of the agency of the state charged with the care, training, control of, or parole of delinquent children. . . ."

A "child" is defined in Article 2338-1, Section 3, as ". . . any female person over the age of ten years and under

the age of eighteen years and any male person over the age of ten years and under the age of seventeen years."  A "delinquent child" is defined in Section 3 as a child who violates one or more of several provisions listed.

The Courts held that the age of a youth at the time of trial rather than the time of the alleged offense determines whether the juvenile court has jurisdiction to hear the case against the youth.  Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 274-276 (1944).  Since Article 2338-1 limits the original jurisdiction to include only the age limits specified, a male child who reaches age seventeen or a female child who reaches age eighteen without being found delinquent is beyond the jurisdiction of the juvenile court.  State v. Ferrell, 209 S.W.2d 642, 644 (Tex.Civ.App., 1948, error ref., n.r.e.); Dillard v. State, 439 S.W.2d 460 (Tex.Civ.App., 1969, error ref., n.r.e.). The continuing jurisdiction over a child to age twenty-one specified in Section 5(c) does not arise until the child is adjudged delinquent.  Dillard v. State, supra.

While the juvenile court in the fact situation presented in this opinion request clearly had jurisdiction when the trial began, our opinion is that the juvenile court lost jurisdiction to proceed when the boy became seventeen before being declared delinquent.

### S U M M A R Y

A juvenile court is without jurisdiction to declare a child delinquent after the child reaches the seventeenth birthday, if a male, or the eighteenth birthday, if a female, even if the trial began prior to these birth anniversary dates.

Yours very truly,

Crawford C. Martin
Attorney General of Texas

BY _____
NOLA WHITE
First Assistant