**George HIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 15867.

Court of Civil Appeals of Texas,
Houston.

Nov. 11, 1971.

Rehearing Denied Dec. 2, 1971.

Green & Richardson, Texas City, Harry C. Green, Texas City, of counsel, for appellant.

Jules Damiani, Jr., Crim. Dist. Atty., Ron Wilson, Louise C. Rowen, Asst. Dist. Attys., Galveston, for appellee.

COLEMAN, Justice.

This is a proceeding against George Hight, instituted by the State of Texas under the provisions of Article 2338–1, Vernon's Annotated Civil Statutes, known as the Juvenile Delinquency Act. Upon a hearing in the Juvenile Court, judgment was rendered granting the State's motion to waive jurisdiction of the Juvenile Court and transfer the juvenile to the District Court to be tried as an adult. From the judgment entered, the appellant George Hight appeals.

The record shows that George Hight was born on September 23, 1954. The offenses were alleged to have been committed on June 27, 1971. At the time of the alleged offenses, the appellant, George Hight, was 16 years, 9 months of age. Petition for delinquency was filed in the Juvenile Court on July 2, 1971. The motion to waive jurisdiction of the juvenile court and to transfer the case to the district court to be tried as an adult was filed on July 6, 1971. Appellant, George Hight, was appointed an attorney, Harry C. Green, and a guardian ad litem, C. V. Rice, to protect his interest in the case herein on July 8, 1971. On July 15, 1971, a full and complete social study and a physical and mental condition report were ordered to be made on said George Hight. The hearing on motion to waive juvenile jurisdiction was held on August 4, 1971, and August 9, 1971, and the order granting such waiver was entered on August 18, 1971. The present appeal was filed by appellant in the Court of Civil Appeals on September 15, 1971, who also filed a motion to advance on the same day. Said motion was granted on September 16, 1971 and the case was advanced to be heard on October 7, 1971. Appellant became 17 years of age on September 23, 1971.

The State of Texas, appellee, contends that as of September 23, 1971, on which day the appellant became 17 years of age, this appeal became moot. The State contends that appellant cannot now

be tried as a juvenile, and consequently this appeal should be dismissed. We agree. State v. Ferrell, 209 S.W.2d 642 (Tex.Civ. App.—Ft. Worth 1948, writ ref., n. r. e.). In Dillard v. State, 439 S.W.2d 460 (Tex. Civ.App.—Houston [14th] 1969, writ ref., n. r. e.), the appellate court said:

> "Appellant, having been 16 years and more than 7 months of age when the hearing on transfer and waiver was held, and now being 17 years of age, may be tried for the alleged offenses as an adult in district court. The juvenile court has no further power to act in these cases."

■ When a case becomes moot on appeal, all previous orders are set aside by the appellate court and the case is dismissed. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460 (1952); Guajardo v. Alamo Lumber Co., 159 Tex. 225, 317 S.W.2d 725 (1958).

■ Juvenile courts have jurisdiction over juveniles when they adjudge a child to be a delinquent. This is done between the ages of over 10 and under 17 (for males) and the jurisdiction continues until the child is discharged by the court or until he becomes 21 years of age. Article 2338–1, Sec. 5, V.A.T.S. It is the adjudication of delinquency which extends the court's jurisdiction. Dillard v. State, supra.

In Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217, the Texas Supreme Court said:

> "Section 12 of the Act provides that a pending criminal case shall be transferred to the juvenile court when it appears that the defendant is within the sttautory age limits at the time of trial; thus implying that if the defendant is above the statutory age limit at the time of trial, ever. .hough the act upon which the prosecution is based was committed while the defendant was within the age limits, the courts can try him for crime. This interpretation of the language of the Act is fortified by the fact that the Court of Criminal Appeals has always held that the age at the time of the trial is controlling."

The Texas Court of Criminal Appeals has held and still holds that the defendant's age at the time of trial is the controlling factor as to the respective powers of the districts and juvenile courts. Stallings v. State, 129 Tex.Cr.R. 300, 87 S.W. 2d 255; Peterson v. State, 156 Tex.Cr.R. 105, 235 S.W.2d 138.

Pending the appeal of said order, the defendant-appellant, George Hight, has turned 17, thus jurisdiction to try him for the felony offenses with which he is charged does not and cannot lie with the juvenile court, but instead jurisdiction lies with the district court where he must be tried as an adult.

Since this case is now moot, it is adjudged that all previous orders herein be set aside, and the Petition to Declare Delinquency heretofore filed be dismissed.