**Guy Owen BOYETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46062.**

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Rehearing Denied Dec. 20, 1972.

Kenneth L. Sanders, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell and Warren White, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from an order revoking probation.

Appellant entered a plea of guilty to the offense of sodomy on July 6, 1971. Punishment was assessed at five years, but the imposition of sentence was suspended and appellant was placed on probation.

Among the conditions of probation were the requirements that appellant "(a) commit no offense against the laws of this or any other State or the United States," and "(c) avoid persons or places of disreputable or harmful character."

Motion for revocation of probation was filed on September 29, 1971 alleging that appellant committed the offense of theft on September 11, 1971. An amended motion to revoke probation was filed on December 14, 1971 and in addition to the alleged violation set forth in the original motion, the amended motion recited "defendant associated with David Joseph Grace, a person of disreputable and harmful character . . . ."

On December 20, 1971, after a hearing, the court entered judgment revoking appellant's probation.

■ Appellant contends that the judgment and sentence in the primary case are void in that he was convicted of an offense which occurred on January 22, 1970, when he was sixteen years of age. Appellant testified his date of birth was May 29, 1953. Indictment in the primary offense was returned against appellant on February 11, 1971, when he was seventeen. Trial in the primary offense was on July 6, 1971, at which time appellant was eighteen years of age. Art. 30, Sec. 1, Vernon's Ann.P.C., provides: "No person may be convicted of any offense, except perjury, which was committed before he was 15 years of age . . . ." Appellant being sixteen years of age when the offense was committed and having attained his seventeenth birthday [1] before he was tried was amenable to criminal prosecution. Perry v. State, 171 Tex.Cr.R. 282, 350 S. W.2d 21. See also Foster v. State, Tex. Cr.App., 400 S.W.2d 552. Further, this Court has held that a felony conviction of a sixteen year old is not void. Slaton v. State, Tex.Cr.App., 418 S.W.2d 508; Tay-

lor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422.

■ Appellant contends that the juvenile court did not waive jurisdiction of appellant under Art. 2338–1, Vernon's Ann. Civ.St. In Dillard v. State, Tex.Civ.App., 439 S.W.2d 460, the defendant was indicted and became seventeen while appeal was pending to the Court of Civil Appeals from a juvenile court order waiving jurisdiction to the district court. The Court of Civil Appeals held that the question was moot and the juvenile court had no further power to act. This Court upheld the conviction based on such indictment. Dillard v. State, Tex.Cr.App., 477 S.W.2d 547; Dillard v. State, Tex.Cr.App., 479 S.W.2d 304. See Whitaker v. State, Tex.Cr.App., 467 S.W.2d 264. In the instant case the record does not reflect that the juvenile court ever acquired jurisdiction in the four months and seven days after the offense before appellant became seventeen. Appellant was indicted and tried after he became seventeen. Thus, the question of whether the juvenile court had waived jurisdiction of appellant to the district court had become moot.

We perceive no error.

■ Appellant contends that the indictment in the primary offense is void on its face in that it reflects that the alleged primary offense occurred on January 22, 1970, and the Harris County Grand Jury indicted appellant one year and twenty days later on February 11, 1971. Appellant's reliance on Art. 12.02, Vernon's Ann.C.C.P., which provides "an indictment for rape may be presented within one year, and not afterward" is misplaced in that this statute is limited to the specific offense of rape. No specific statute of limitation being provided for sodomy, time for presentment of indictment is controlled by Art. 12.04, V.A.C.C.P., providing that an indictment may be presented within three

---

1. Art. 30, Sec. 2, V.A.P.C., provides no male under seventeen years of age may be convicted of an offense except perjury.

years from the commission of the offense. Thus, the indictment for the primary offense was timely presented.

Appellant contends that the court erred in overruling his motion to suppress evidence in the motion to revoke hearing.

■ Officer Yarbrough of the Houston Police Department testified that on September 11, 1971 he clocked a car traveling at forty-five miles per hour in a thirty mile per hour speed zone on Myrtle Street in Houston. Upon attempting to stop the vehicle, its speed was accelerated to eighty miles per hour before it finally came to a stop in the 2400 block of Flowers Street. Upon the vehicle stopping, the three occupants abandoned the automobile and began to run. Officer Yarbrough pursued and caught the driver who was identified as the appellant. Tommy Moore testified the automobile appellant was driving at the time in question belonged to him (Moore) and that the vehicle was taken from a parking lot where he had left it on September 11, 1971. Moore further testified that he did not give appellant permission to take the vehicle.

Appellant urges that this arrest was illegal and that all evidence obtained as a result thereof should have been suppressed. Appellant argues that the State failed to prove that a Houston City Ordinance existed relative to speed of motor vehicles and since the officers did not know the vehicle was stolen, no arrest warrant had been issued for appellant, and no violation of the law was committed in the arresting officer's presence, there was no probable cause for arresting appellant.

Article 6701d, Sec. 166, V.A.C.S., provides that a speed in excess of thirty miles per hour in any urban district, and a speed in excess of seventy miles per hour during the daytime (sixty-five miles per hour during the nighttime) on any highway outside any urban district shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful. Since appellant's vehicle had reached a speed of eighty miles per hour, prima facie evidence of unlawful speed existed without regard to whether appellant was inside the city of Houston, within an urban area or outside an urban area. See Gano v. State, Tex. Cr.App., 466 S.W.2d 730. Art. 6701d, Sec. 153, V.A.C.S., provides: "Any peace officer is authorized to arrest without warrant any person found committing a violation of any provision of this [article]." We reject appellant's contention that the court erred in overruling his motion to suppress.

Finding that the court did not abuse its discretion in revoking appellant's probation, the judgment is affirmed.

Opinion approved by the Court.