Ex parte Monice Odell MORGAN.

No. 61840.

Court of Criminal Appeals of Texas, En Banc.

March 12, 1980.

Paul G. Johnson, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is an application for a writ of habeas corpus filed pursuant to Article 11.07, V.A. C.C.P.

Petitioner contends that his conviction in January 1973 for the offense of robbery by assault is void because he was a juvenile at the time he committed the offense, and the trial court failed to hold an examining trial before petitioner was indicted and subjected to criminal proceedings as an adult. Petitioner relies on *White v. State*, 576 S.W.2d 843 (Tex.Cr.App.1979), in which this Court reversed the cause because the record did not reflect that the defendant, who had been transferred from the juvenile court, received an examining trial prior to the indictment issuing against him. See also *Menefee v. State*, 561 S.W.2d 822 (Tex.Cr. App.1977).

The decisions in *White* and *Menefee* were based on the discretionary transfer provision in the Family Code, V.T.C.A., Family Code, Section 54.02. Title 3 (Sections 51–56) of the Family Code did not go into effect until September 1, 1973, after petitioner committed the offense and had been tried and convicted. Thus its provisions do not apply to him. However, petitioner points out that the predecessor to Section 54.02(h), supra, Article 2338–1, Section 6(j), V.A.C.S., as amended in 1967, was in effect at the time of the offense and made a similar provision for an examining trial to be held upon transfer of a juvenile to the district court. Petitioner urges that we should interpret Article 2338–1, Section 6(j) in the same manner as we interpreted Section 54.02(h) of the Family Code in *Menefee* and *White*, and that he is entitled to relief.

We do not reach the merits of this contention because a prior problem arises with respect to whether petitioner was ever subject to the jurisdiction of the juvenile court under Article 2338–1, supra.

Petitioner was 16 when he committed the offense on March 4, 1972; he turned 17 four days later on March 8, 1972. Petitioner was not arrested until July 18, 1972, and was not indicted until August 28, 1972. He was tried in January 1973. Being 17 years old, petitioner was not a child within the terms of the statute at the time he was arrested, indicted, or tried. See Article 2338–1, Section 3, V.A.C.S.; *Ex parte Trahan*, 591 S.W.2d 837 (Tex.Cr.App.1979); *Ex parte Matthews*, 488 S.W.2d 434 (Tex.Cr.App. 1973).

Section 5(a) of Article 2338–1 as amended in 1967 provided that

The juvenile court has exclusive original jurisdiction in proceedings governing any delinquent child. However, in those cases specified in Section 6 of this Act, the juvenile court may waive jurisdiction to the appropriate district court or criminal district court. The juvenile court is considered in session at all times.

Section 6 was the discretionary transfer provision of Article 2338–1, analogous to Section 54.02 of the present Family Code. Subsection 6(b) provided that if a child under the terms of the act was charged with an offense and was 15 or older at the time of offense, the juvenile court could waive its jurisdiction by following the procedures set out in Subsections 6(c)–6(j). See *Ex parte Trahan*, supra.

Article 30, V.A.P.C., was amended in 1967 by the same act that amended Article 2338–

1. As amended, it provided that no person under 17 years of age could be convicted of an offense except perjury unless the juvenile court waived jurisdiction and certified the person for criminal proceedings. See *Ex parte Trahan,* supra; *Ex parte Matthews,* supra. Comparing Sections 5(a) and 6(b) and Article 30, it becomes clear that where criminal charges were brought against a juvenile who was 15 or older when he committed the alleged offense, the juvenile court had exclusive original jurisdiction. The juvenile could only be made subject to adult criminal proceedings if the juvenile court waived jurisdiction and transferred him to the district court in accordance with the procedure of Section 6, supra.

In this case *petitioner* was not charged with an offense until after he turned 17 years of age and thus was no longer a juvenile. See Section 6(b), supra. He was never made subject to any judicial proceedings as a juvenile. See Section 5(a), supra. The juvenile court never acquired jurisdiction of petitioner under the terms of Article 2338–1, and he was not denied any rights under that statute.[1]

The relief sought is denied.

DALLY, J., concurs in result.

1. The dissent charges that in reaching this result we do not follow the recent decision in *Ex parte Trahan,* 591 S.W.2d 837 (Tex.Cr.App. 1979). To the contrary, this case is perfectly consistent with *Trahan.*

Upon comparing the language of Sections 5(a) and 6(b) of Article 2338–1, V.A.C.S., we held in *Trahan* that where criminal charges are brought against a *child,* "i. e., a person over the age of 10 years and under the age of 17 years," *and* the child was 15 years of age or older at the time of the offense, the juvenile court had exclusive jurisdiction under Article 2338–1, and the district court could only obtain jurisdiction if the certification procedures of Article 2338–1, Sections 6(c)–(j) were followed. An examination of this statement reveals that *two* requirements had to be fulfilled under Article 2338–1 before the juvenile court had exclusive jurisdiction that, in its discretion, it could waive to the district court. One, criminal charges had to be brought against a "child" as defined under the Act. A person 17 years of age or older was *not* a child under the Act. See Section 3 of the Act, as construed in *Trahan.*

ROBERTS, Judge, concurring.

I concur in the opinion of the majority for the reason that the language of the 1967 amendment to Article 2338–1, V.A.T.S., whatever the presumed intent of the Legislature, cannot be held to effect the change attributed to it by the dissent.

The statement denominated "Purpose of 1967 Amendatory Acts" fails to promulgate what the dissent perceives to be the legislative purpose of extending juvenile court jurisdiction. In pertinent part, this so-called statement of purpose sought "*to prevent children* being proceeded against in both juvenile court and district court or criminal district court for offenses committed while of juvenile age." [Emphasis added]

The amended act, Article 2338–1, Sec. 3, defines child as "any female person over the age of ten years and under the age of eighteen years and any male person over the age of ten years and under the age of seventeen years." A delinquent child is said to be one who violates a penal law of the grade of felony or who falls into any of the other six categories of delinquency listed. The 1965 codification of 2338–1 contained no separate definition of child, mere-

Two, the child who was charged with an offense must have committed the offense when he was 15 years of age or older; in other words, when he was either 15 or 16 years of age. Children who committed offenses at a younger age were not subject to being transferred to the district court.

Thus, if a person had already turned 17 by the time criminal charges were initiated against him, he was not charged as a child but as an adult. He was not made subject to the jurisdiction of the juvenile court because the first requirement was lacking. If the Legislature intended something different from this result, it did not express its intention in the words of the Act. We note that in 1975, the Legislature *did* express the intention to have the time of offense control the jurisdiction of the juvenile court. It declared that the juvenile court would have jurisdiction over all cases involving "conduct . . . engaged in by a person who *was a child within the meaning of this Title* at the time he engaged in the conduct." V.T.C.A. Family Code, Section 51.04(a).

ly defining "delinquent child" in the same terms set forth in the 1967 act. For jurisdictional purposes, the additional definition makes no difference. See *Garza v. State*, 469 S.W.2d 169 (Tex.Cr.App.1971) (term "child" is used in statute to include delinquent children).

The dissent finds support for its view of juvenile court jurisdiction predicated on age at the time of the commission of an offense in that part of the transfer provision of Article 2338–1, Sec. 6, declared to be of no effect in *Foster v. State*, 400 S.W.2d 552 (Tex.Cr.App.1966). I cannot agree with the dissent that Section 6 said anything plainly, much less that it defined clearly the boundaries of juvenile court jurisdiction. To the contrary, even upon cursory examination, Section 6 is revealed to have been internally inconsistent and contradictory. It was provided that "no child under sixteen (16) years of age at the time the offense is committed shall be so certified, and no child under sixteen (16) years of age at the time the offense is committed shall be prosecuted as an adult at any later date unless transferred by the Juvenile Court, . . . ." It will be readily apparent that, on the one hand, an offender under the age of 16 could not have been certified for prosecution as an adult at all and, on the other hand, that he could not have been prosecuted as an adult without such juvenile court certification! Moreover, the subject of each verb in this section is "child" which, considering the legal definition thereof, hardly militates in favor of a finding that Section 6 was meant to expand the jurisdiction of the juvenile court. It could hardly have been the occasion of great surprise to the Legislature that this Court should find such a statute incomprehensible.

Turning now to the statement following the 1967 amendments to Article 2338–1, V.A.T.S., entitled "Purpose of 1967 Amendatory Act," and subjecting to scrutiny the language therein, one seeks in vain for a declaration of legislative intent to expand the jurisdiction of the juvenile courts so that such jurisdiction is determined by the age of the defendant at the time of the commission of the criminal act. Not even by the most labored and attenuated exegesis can one derive from the study of this statement the conclusion that the Legislature intended to overturn the long-standing judicial rule, of which it must surely have been aware, that the jurisdiction of the juvenile court was to be determined as of the time of trial. See *Salazar v. State*, 494 S.W.2d 548 (Tex.Cr.App.1973); *Boyett v. State*, 487 S.W.2d 357 (Tex.Cr.App.1972); *Dillard v. State*, 439 S.W.2d 460 (Tex.Civ. App.—Houston [14th Dist.] 1969, writ ref'd n. r. e.); *Dearing v. State*, 151 Tex.Cr.R. 6, 204 S.W.2d 983 (1947); *Dendy v. Wilson*, 142 Tex. 460, 179 S.W.2d 269 (1944). See also cases collected at 89 A.L.R.2d 506.

Moreover, an examination of Sec. 6(b) of the amended act, wherein one would logically expect to find a clear expression of legislative intent to expand the jurisdiction of the juvenile court, reveals no such expression. Sec. 6(b) reads:

"*If a child is charged* with the violation of a penal law of the grade of felony and was fifteen years of age or older at the time of the commission of the alleged offense, the juvenile court may, within a reasonable time after the alleged offense, waive jurisdiction by following the requirements set out in Subsections (c) through (j) of this section, and transfer the *child* to the appropriate district court or criminal district court for criminal proceedings." [Emphasis added]

Taking into account the definition of "child" in the 1967 codification and the prior judicial construction of the limits of juvenile court jurisdiction, one can hardly imagine that the quoted language was intended to express the intent of the Legislature that a juvenile court should have jurisdiction of one who, by the definition of the statute, was an adult when charged, merely because he committed a crime while within the jurisdictional age limits of the juvenile court.

Similarly, the language of Section 6(j) negates the inference that one arrested after reaching majority is within the jurisdiction of the juvenile court. Section 6(j) provides:

"If the juvenile court waives jurisdiction it shall certify its action, including the written order and findings of the court and accompanied by a complaint against the *child,* and transfer the *child* to the appropriate district court or criminal district court for *criminal proceedings.* Upon transfer of the *child* for criminal proceedings *he shall be dealt with as an adult* and in accordance with the Code of Criminal Procedure. . . ." [Emphasis added]

Section 6(k) provides:

"*If the child's* case is brought to the attention of the grand jury and the grand jury does not indict for the offense charged in the complaint forwarded by the juvenile court, the district court or criminal district court shall certify the grand jury's failure to indict to the juvenile court. *Upon receipt of the certification the juvenile court may resume jurisdiction of the child.*" [Emphasis added]

Here again, the language of Section 6(k) does not lend itself to an interpretation favoring juvenile court jurisdiction of one who has, by the definition of Article 2338–1, reached adulthood.

Section 12 of Article 2338–1 was likewise amended by the 60th Legislature in 1967. A comparison of the language in the amended section to that of the 1965 version reveals no substantive change. As revised, Section 12 read:

"Sec. 12. If, while a criminal charge or indictment is pending against any person in a court other than a juvenile court, it is ascertained that the person is *a child at the time of the trial* for the alleged offense, it is the duty of the court in which the case is pending to transfer the child immediately together with all papers, documents, and records of testimony connected with the case to the juvenile court of the county unless the child is being held under the authority of Section 6 of this Act. The transferring court shall order the child to be taken forthwith to the place of detention designated by the juvenile court, or to the juvenile court itself, or to release the child to the custody of a probation officer or any suitable person to appear before the juvenile court or the probation department of the county at a time designated. The receiving juvenile court shall set the case for hearing and dispose of the case as if it had been instituted in that court originally. Unless the child is subsequently transferred by the juvenile court as provided by Section 6 of this Act, he is not subject to prosecution at any later date for the alleged offense." [Emphasis added]

Nothing in this revised version of Section 12 is so at variance with prior versions, upon which was founded the judicial rule that age at the time of trial was the controlling jurisdictional factor, as to lead to the logical inference that it was the intent of the Legislature to abrogate the judicial rule.

We are not here presented with a situation where, this Court having annulled a clearly-expressed statutory rule, the Legislature thereafter enacted one of similar tenor. In *Foster v. State,* 400 S.W.2d 552 (Tex.Cr.App.1966), we found part of Section 6 to be unintelligible. The Legislature amended the Act in the following year, stating that this was necessary because of the holding in *Foster.* Since that part of Article 2338–1 struck down in *Foster* was beyond comprehension to begin with, a mere statement of the Legislature's intention to replace it with one of like import can be of no use in divining the underlying purpose of the original enactment. Longstanding precedent ought not to be abrogated on the basis of an intuitive conjecture as to the intended meaning of an indecipherable statutory provision.

Moreover, there is nothing in the language of any of the amended sections of Article 2338–1 which necessarily supports the inference that it was the Legislature's intention to avoid the judicial rule. It would have been simple indeed for the Legislature to so state had they meant to provide that juvenile court jurisdiction was to be determined by the age of the defendant at the time of the commission of the offense. As stated in the concurring opinion

in *Dillard v. State*, 439 S.W.2d 460, 462 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n. r. e.) (Justice Johnson, concurring).

> "Neither the purpose of the amendatory act of 1967 nor the act itself specifies an intent that the age of the defendant at the time of the alleged offense rather than his age at the time of trial is to be controlling. The same is true of Art. 30, Vernon's Annotated Penal Code, for defendants over 15 years of age. It is not for the judiciary to supply a changed intent where the Legislature has not particularized it."

As the majority points out, this defendant was arrested, indicted and tried after he had reached the age of 17 and was no longer a child within the terms of Article 2338–1. According to the provisions of the Act, he was never subject to the jurisdiction of the juvenile court and should not be heard to say that his conviction as an adult was obtained in violation of the terms of the Act. Habeas corpus relief should be denied.

DOUGLAS and W. C. DAVIS, JJ., join in this opinion.

CLINTON, Judge, dissenting.

To the denial of relief and to the refusal of the Court to give effect to clear legislative statements of intent respecting persons who commit felony offenses while juveniles but are tried as adults after reaching age seventeen, I respectfully dissent. The rule of *stare decisis*, if that is what has been at work here, was never thought an appropriate mask to cover judicial oversight and, hence, an erroneous conclusion. With all deference, when the historical record is incorrectly read, albeit consistently so, my judgment is it must be corrected at the first opportunity. I thought it had been by the carefully researched and thoughtfully expressed opinion just rendered in *Trahan v. State*, 591 S.W.2d 837 (Tex.Cr.App.1979). There we concluded that from specified sections of Article 2338–1, as amended in 1967, "*it is clear* that where criminal charges are brought against a juvenile who was 15 or older *when he committed the alleged offense*, the juvenile court has exclusive jurisdiction." [1] But now the majority does not follow *Trahan*.

This Court has nearly always seen, or professed to see, "perplexing problems" [2] with juvenile delinquency acts of the Legislature. Even after the Legislature revised certain sections of the act in 1965 to say rather plainly in, *inter alia*, § 6, [3] Article 2338–1, V.A.C.S., what is meant with respect to what it mandated in the juvenile court was "exclusive original jurisdiction" to handle described juveniles, [4] the Court unabashedly found the language quoted in the margin "so indefinitely framed and of such doubtful construction that it cannot be understood . . . and must be regarded as wholly inoperative," *Foster v. State*, 400 S.W.2d 552, 557–558 (Tex.Cr.App.1966).

The legislative reaction and response came the very next session in the form of

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. *Dearing v. State*, 151 Tex.Cr.R. 6, 204 S.W.2d 983, 989 (1947) in which four opinions were written on one aspect of the very problem before the Court today, the notion nagging the Court being "to hold that a boy who committed a heinous offense before he became 17 years of age could not be tried for that offense after he arrived at the age of 17 would be equally bad" since "[o]rderly society is entitled to protection as well as a delinquent child." That rationale is not an expression of *stare decisis*, although the opinion cites many prior cases also relied on by the Court today; it is purely an expression of personal values deeply held.

3. Acts 1965, 59th Leg., p. 1256, ch. 577, § 3.

4. In pertinent part, in *1965* the rather elaborate certification and transfer procedure provided:

> "If a child sixteen (16) years of age *or older* is charged with an offense which would be a felony if *committed* by an adult and the (juvenile) Court . . . . deems it contrary to best interest of such child or the public to retain its jurisdiction . . . .; but no child under sixteen (16) years of age *at the time the offense was committed* shall be prosecuted as an adult at any later date unless transferred by the Juvenile Court . . . ."

amendments to the law.[5] Section 1 of the *amendatory* act served to inform anyone who read it[6] just what the Legislature had in mind:

"The purpose of this Act is to . . . provide a procedure and grounds for the juvenile court *to waive jurisdiction and transfer* children for criminal proceedings in cases involving *offenses committed by children 15 years of age or older*; and to prevent children being proceeded against in both the juvenile court and district court or criminal district court for *offenses committed while of juvenile age.* This Act is necessary because a portion of a similar Act was declared unconstitutional in *Foster v. State*, 400 S.W.2d 552 (Tex.Cr.App.1966), *because the court was unable to determine the purpose and intent of the Legislature.*"

Consistently with other changes made in Article 2338–1 to implement its expressly

5. Acts 1967, 60th Leg., p. 1082, ch. 475, §§ 2–7.

6. Being a statement of purpose and intent of the *amendatory* act, § 1 of that act was never codified into Article 2338–1, supra. It appears, however, following the article under the heading, "Purpose of 1967 Amendatory Act," in 7A V.A.C.S. 70.

7. Until then Article 30, supra, barred conviction of any person before age nine "except perjury," or any other offense *committed* between the age of nine and thirteen unless he understood the nature and illegality of the act. The 1967 changes, as pertinent:

"Section 1. No person may be convicted of any offense *except perjury*, which was *committed* before he was 15 years of age . . .

Section 2. No male under 17 years of age and no female under 18 years of age may be convicted of an offense *except perjury* unless the juvenile court waives jurisdiction and certifies the person for criminal proceedings."

*Ex parte Matthews*, 488 S.W.2d 434, 438 (Tex. Cr.App.1973), cited by the Court throughout its opinion, refers to the stated intent and purpose of the 1967 amendments and construes two of them to provide that "the juvenile court has exclusive jurisdiction in proceedings governing any delinquent child and the juvenile court may waive jurisdiction of a child who is charged with a felony offense *committed when the child was fifteen years of age or older* by following the procedure set forth therein." Curiously, today the Court paraphrases that very lan-

stated intent and purpose—I need not examine them for their construction should be governed by such a definitely emphasized declaration—the same act amended Article 30, Penal Code 1925.[7]

Thus, notwithstanding a line of cases from the Court with the uniform holding that age at time of trial rather than age when committing an offense—except perjury—controls a determination of juvenile court jurisdiction, *Trahan* correctly concludes they are not controlling after the 1967 amendments to Article 2338–1 and Article 30, supra. Neither are those cases decided *after* the 1967 amendments since they did not address headon the expressly declared legislative intent and purpose, and thereby fell into error.[8]

To its perpetuation of the error by this instant opinion of the Court, I respectfully dissent.

ONION, P. J., joins.

guage—". . . it becomes clear that where criminal charges were brought against a juvenile who was 15 or older *when he committed the alleged offense*, the juvenile court had exclusive original jurisdiction"—but refuses to apply it apparently because although under seventeen *when the offense was committed* petitioner was not arrested, indicted or tried until he became seventeen.

8. The first such case following chronologically the amendments appears to be *Dillard v. State*, 439 S.W.2d 460 (Tex.Civ.App. Houston [14th], writ ref'd n. r. e.), and it is plain that the majority opinion, if aware of it, chose not to discuss § 1 of the 1967 amendatory act, and that the concurring opinion, in alluding to the purpose of the amendatory act, must have read something other than § 1 as quoted above to find that nothing "specifies an intent that the age of the defendant at the time of the alleged offense rather than his age at the time of trial is to be controlling." Let us read, again, the phrase in § 6 of the 1965 act, "and no child under sixteen (16) years of age at the time *the offense was committed* shall be *prosecuted as an adult at any later date* unless transferred by the Juvenile Court . . .," § 1 of the amendatory act of 1967, and § 6 as amended. *Dillard's* progeny are not relied on by the Court in its opinion in the instant case but none, except *Ex parte Matthews*, 488 S.W.2d 434 (Tex.Cr.App.1973), as shown on note 7, even advert to § 1 of the amendatory act, and it reaches the same conclusion I do.