**Affirmed and Memorandum Opinion filed August 21, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00179-CR

### ISAAC TRENARD TOLDER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 06-DCR-044688**

## M E M O R A N D U M   O P I N I O N

Appellant Isaac Trenard Tolder appeals from an order adjudicating his guilt for aggravated sexual assault of a child.  We affirm.

On April 12, 2006, appellant's mother reported to police that appellant had been sexually assaulting his sister "dating back to 2005."  On December 8, 2006, appellant entered a plea of guilty in exchange for a punishment of six years' deferred adjudication probation.  The State subsequently filed a motion to adjudicate appellant's guilt on the grounds that appellant violated the terms and conditions of his probation.  On December 15, 2010, the trial court adjudicated appellant's guilt and assessed punishment at 15 years' confinement in the Institutional Division of the Texas Department of Criminal

Justice.  This appeal followed.

In a single issue, appellant contends he received ineffective assistance of counsel at the time of his original plea because counsel failed to investigate whether appellant was under the age of 17 when the offense occurred.

The Texas Court of Criminal Appeals has held that "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).  But, if the original judgment is void, the general rule does not apply.  *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001).

Appellant contends that if he were improperly tried as a juvenile, the original conviction is void.  Appellant was charged with aggravated sexual assault of a child alleged to have been committed in July, 2005.  Appellant turned 17 years old on June 28, 2005.  Appellant alleges it is possible he committed the offense prior to July, 2005.  There is no question, however, that appellant was indicted and tried after he turned 17.  Being 17 years old, appellant was not a juvenile within the terms of the statute at the time he was arrested, indicted, or tried.  *See Ex parte Morgan*, 595 S.W.2d 128, 129 (Tex. Crim. App. 1980) (petitioner charged with an offense after he turned 17 was not a juvenile).  Therefore, even accepting appellant's contention as true, the conviction was not void because he was 17 at the time of the arrest and indictment.

Thus, appellant was required to challenge the effectiveness of his counsel at the time the trial court placed him on deferred adjudication.  *See Manuel*, 994 S.W.2d at 661–62.  Because he did not do so, his appeal after adjudication and revocation is untimely, and we cannot address his issue.

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).