**Ex parte Manuel Montoya RODRIGUEZ.**

**No. 40319.**

Court of Criminal Appeals of Texas.

April 19, 1967.

———◆———

Maloney & Black by Frank Maloney, Austin, for appellant.

Thomas D. Blackwell, Dist. Atty., W. T. McDonald, Jr., Asst. Dist. Atty., Austin, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

An indictment is pending in the 147th District Court of Travis County, Texas, charging that appellant was guilty of driving while intoxicated as a second offender in that he had theretofore been convicted in 1958 for the misdemeanor offense and thereafter in 1966 drove a motor vehicle while intoxicated.

 By writ of habeas corpus appellant seeks to challenge the validity of the 1958 conviction prior to trial on the merits for the 1966 offense. This he may not do. Appellant in his application filed in the trial court attacks the validity of the indictment alleging that it is void because at the time he plead guilty to the 1958 misdemeanor offense, he was an illiterate indigent and without counsel. In Ex parte Fertitta, 167 Tex.Cr.R. 483, 320 S.W.2d 839, the appellant's contention was that the indictment was void, therefore subject to collateral attack. In that case appellant had filed a motion to quash the indictment which was overruled. The Court stated, "[a]ppellant pursued this proper course and moved to quash the indictment. A review by this Court of the trial court's ruling thereon before a trial, conviction and appeal would not be appropriate. This Court is not authorized to enter a declaratory judgment."

■ In the case at bar the appellant filed a plea to the jurisdiction as well as his application for writ of habeas corpus. Such plea will be made a part of the trial record of the case upon its merits. Article 28.01, Sec. 2, Vernon's Ann.C.C.P. (1965).

The judgment remanding appellant to custody is affirmed.