**Ex parte Efrain MIRANDA.**

**Ex parte Rene RODRIGUEZ.**

Nos. 40334, 40335.

Court of Criminal Appeals of Texas.

May 17, 1967.

Joe B. Evins, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order after hearing denying relief in a writ of habeas corpus proceeding.

On August 30, 1965, the amendment to Sec. 6 of Article 2338–1, Vernon's Ann.Rev. Civ.St. became effective. Such amendment provides for the certification of children 16 years or older by the Juvenile Court to the District Court for prosecution of such children as adults when they are charged with an offense which would be a felony if committed by an adult.

Since the amendment, this Court has held certain portions thereof to be unconstitutional and affirmed a conviction of an appellant who was under the age of 16 years at the time the offense was committed. See Foster v. State, Tex.Cr.App., 400 S.W. 2d 552.

On December 15, 1965, these appellants were arrested in connection with an investigation of a murder which had occurred on the evening preceding. However, on the same day petitions were filed in the Juvenile Court alleging that both appellants had committed the offense of sodomy on December 14, 1965, and that each of them had, on different days almost a year prior thereto, committed a burglary.

On December 21, 1965, appellant Rodriguez was 15 years and 11 months old, and appellant Miranda was 16 years and 28 days old. On such date after a hearing before the three District Judges of Hidalgo County, at which evidence and judicial confessions were heard implicating appellants in a charge of sodomy and two different burglaries, a general finding of delinquency was entered, and appellants were delivered to the State School for Boys at Gatesville. There they remained until January 24, 1967, when a bench warrant was issued for their return to Hidalgo County on a charge of murder to await the action of the grand jury of such county scheduled to meet on February 16, 1967. By this time each appellant had become 17 years of age.

Upon their return to Hidalgo County appellants filed applications for writs of habeas corpus in the 92nd District Court. Three District Judges sitting en banc heard evidence and at the conclusion thereof, denied the applications, and notice of appeal was given to this Court. The record of such hearing as well as the hearing of December 21, 1965, is before this Court. At the habeas corpus hearing the attorney representing the State, who had also represented the State at the December 21, 1965, Juvenile Hearing, candidly admitted that at the time of such hearing he was not aware of the amendment to Article 2338–1, Sec. 6, V.A.R.C.S., which had become effective the preceding August. At the hearing, counsel who appeared for appellants failed to call the court's attention to the amendment *and made no request for a hearing.*

The thrust of appellants' applications is that they were deprived of a hearing in the Juvenile Court in December 1965, on the question of whether or not they should have then been certified and transferred to the District Court for trial as an adult on the murder charge now pending against them, as the State was at that time in possession of information sufficient to prosecute them for such charge. It is appellants' contention that because they were deprived of a hearing consistent with the essentials of due process and fair treatment at a "critically important proceeding", the District Court of Hidalgo County was without jurisdiction to enter any order affecting appellants' custody subsequent to the Juvenile Hearing. Reliance is had upon Kent v. U. S., 383 U.S. 541, 16 L.Ed.2d 84, 86 S.Ct. 1045. In Kent the conviction was reversed because the Juvenile Court waived jurisdiction without first conducting a hearing. This was held to constitute a denial of due process. In the instant case the Juvenile Court accepted jurisdiction on December 21, 1965, and declared the appellants delinquent. The two cases are

distinguished on the facts, and appellants were not denied due process.

■ In the case at bar the jurisdiction of these appellants had been transferred to the Texas Youth Council, and they are now charged with murder by an indictment returned after they had reached the age of accountability, i. e., 17 years of age, and Sec. 6 of Article 2338–1, supra, requiring waiver of jurisdiction by the Juvenile Court no longer applies. Foster v. State, supra, is applicable to appellant Rodriguez.

■ As to appellant Miranda, we are called upon to pass upon his contention that the August 1965 amendment is mandatory. As we read the Act it *permits* the Juvenile Court to hold a hearing and *permits* him to certify for felony prosecution only those Juveniles who the court in his judgment concludes should be prosecuted. Given such an interpretation, the act is constitutional and the caption is not misleading when it states " * * * providing for transfers of *certain* cases in Juvenile Courts from the jurisdiction of Juvenile Courts to the jurisdiction of the other courts in this State; providing that *certain* delinquent children shall be subject to the penal laws and criminal prosecution the same as if they were adults." (Emphasis added.)

It should further be noted that Kent had been finally convicted prior to the granting of relief by the Supreme Court, while appellants here stand charged under an indictment, but have not been tried. However appellants may title their claim for relief, as a matter of law it constitutes an attack upon the validity of the indictments now pending against them.

■ On April 19, 1967, in Ex parte Rodriguez, 413 S.W.2d 919, we said that the record made at the hearing on the accused's plea to the jurisdiction as well as his application for writ of habeas corpus will be made a part of the trial record of the case upon its merits by virtue of Article 28.01, Sec. (2), Vernon's Ann.C.C.P. (1965).

In Foster v. State, supra, we had practically the same question of law which is before us here, except that in the case at bar the offenses for which appellants were committed as juveniles were not a part of the transaction upon which the State now seeks to prosecute them. Hence the reason for the writer's dissent in Foster does not appear in this case.

We are not here called upon to pass upon the admissibility of the confessions to the murder given by appellants to the deputy sheriff on December 15, 1965.[1]

The appeal from the judgment remanding appellants to the custody of the sheriff of Hidalgo County is dismissed because of the return of indictments the day following the entry of notice of appeal; however, the above is a statement of the view of the majority on the questions of law presented.

WOODLEY, Presiding Judge (Concurring).

On the same day appellants were remanded to custody and gave notice of appeal the Grand Jury returned an indictment against them for the murder.

The appellants being in custody under capias issued after the return of the indictment, and no longer restrained under warrant of arrest issued upon complaint or bench warrant, I concur in the dismissal of the appeals.

1. Harling v. U. S., 5 Cir., 295 F.2d 161, and Kent v. U. S., supra.