**Ex parte Jackie L. PIERCE.**

**No. 68272.**

Court of Criminal Appeals of Texas,
En banc.

Sept. 23, 1981.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction habeas corpus proceeding brought under Article 11.07, V.A.C.C.P.

Applicant contends that he was indicted for burglary and convicted upon his plea of guilty before the 52nd District Court and assessed three (3) years in the Department of Corrections on April 19, 1969. No appeal was taken. He now contends the court was without jurisdiction to try him as at the time of the alleged offense and time of conviction he was 16 years old, that there was no transfer order of his case from the juvenile court to the district court, that he was not accorded an examining trial, that he did not waive proceedings in juvenile court, and did not waive an examining trial. Appellant cites and relies upon *Ex parte*

*Trahan*, 591 S.W.2d 837 (Tex.Cr.App.1979). There this court wrote:

"Petitioner was arrested on the date of the offense, at age 16. He was indicted on January 13, 1969, at age 16, without being transferred from the juvenile court or provided with an examining trial. He subsequently pleaded guilty to the offense charged. The transfer procedure was not followed in this case, and the district court never obtained jurisdiction. Petitioner's conviction is void. Moreover, petitioner was not granted an examining trial before the issuance of the indictment, as required by Section 6(j) of Article 2338-1 (V.A.C.S. as amended in 1967) and by the decisions of this Court. Thus the indictment is void." See *Ex parte Guzman*, 589 S.W.2d 461 (Tex.Cr.App. 1979); *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.1977).

Applicant contends that although he had discharged his sentence in the burglary case he is entitled to have his conviction set aside to avoid and prevent further legal collateral consequences. See *Ex parte Legg*, 571 S.W.2d 930 (Tex.Cr.App.1978).

The trial court made findings of fact and conclusions of law. The court found that the applicant was born on August 10, 1952; that the burglary offense occurred on April 13, 1969; that applicant was indicted two days later; that on April 19, 1969, the applicant entered a guilty plea to the burglary indictment in Cause No. 6535; that at the time of the commission of the offense and at the time of the conviction applicant was 16 years old; that applicant never waived his right to be tried as a juvenile; that juvenile court never waived jurisdiction over applicant or certified him for criminal proceedings as an adult.

The trial court concluded it did not have jurisdiction over applicant in Cause No. 6535 and the conviction is void. The court cited Article 2338-1, V.A.C.S., as amended 1967; Article 36, § 2, V.A.P.C. (1925), as amended 1967; *Cordary v. State*, 596 S.W.2d 889 (Tex.Cr.App.1980).

We agree with the trial court that the record supports his findings, and we further agree with the trial court's conclusions of law.

The conviction in Cause No. 6535 in the 52nd District Court is hereby set aside. The relief prayed for is granted.

DALLY, J., dissents.

ROBERTS, J., not participating.