**Edward Allen MOORE,
Petitioner-Appellant,**

v.

**O.L. McCOTTER, Director, Texas
Department of Corrections,
Respondent-Appellee.**

No. 84–1409.

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1986.

Edward Allen Moore, Rosharon, Tex., Karen H. Susman, (court-appointed), Houston, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., Robert Walt, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GARZA, TATE and JOHNSON, Circuit Judges.

TATE, Circuit Judge:

The petitioner Moore's federal habeas application contends that an enhanced life sentence received by him in 1979 in Texas state court was invalid. He contends that under Texas statute, a 1973 conviction that was used to enhance his 1979 sentence was rendered without jurisdiction, because at the time the 1973 conviction was obtained, the Texas juvenile courts had exclusive jurisdiction over him for the 1972 offense charged, which was committed, and for which he was arrested, while still a juvenile. We affirm, finding no error in the district court's determination that under Texas law at the time, the sentencing state court had validly obtained jurisdiction by indictment after Moore became an adult.

## I.

The petitioner Moore, a Texas state prisoner, was in 1979 convicted of unauthorized use of a motor vehicle, a third-degree felony, Tex.Penal Code § 31.07 (Vernon's 1974), normally punishable by imprisonment of not more than ten years. *Id.*, § 12.34. However, this sentence was mandatorily enhanced to life imprisonment because Moore had been convicted of two previous felonies. *Id.*, § 12.42(d).

By the present proceeding, Moore applies for federal habeas relief, 28 U.S.C. § 2241, to vacate the life sentence. He contends that one of two previous convictions used to enhance his sentence ("the 1973 conviction") was void under state law[1] and that therefore his federal due process rights were offended by the mandatory imposition of an enhanced life sentence that was invalid under Texas state law. *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980); *Williford v. Estelle*, 637 F.2d 271 (5th Cir.1981).

The 1973 conviction in state district court occurred under the following circumstances: While still a juvenile under Texas law, Moore committed a burglary and was arrested for it, and a petition was filed by the

state district attorney in juvenile court stating that he was a delinquent child subject to juvenile court jurisdiction. After Moore attained the age of seventeen and became subject to adult punishment under Texas criminal law, Moore was indicted for the burglary in state district court. After the indictment, on motion of the State, the petition re Moore's delinquency was dismissed in juvenile court. About two weeks later, represented by counsel, Moore pleaded guilty to burglary in state district court and was sentenced to imprisonment for four years as an adult.

## II.

At the time (1972) Moore committed the offense that resulted in the 1973 conviction, the law governing juvenile proceedings in Texas was the 1967 version of Tex.Civ.Stat. Ann. art. 2338–1 (repealed by Acts 1973, 63rd Leg., p. 1485, n. 544, § 3 of Family Code, eff. Sept. 1, 1973). This section was initially enacted by Acts 1943, 48th Leg., p. 313, ch. 204, and, with numerous amendments, remained the Texas juvenile court statutory regulation until enactment in 1973 of § 3 of the Family Code, *supra*.

The issue before us concerns to what extent the exclusive jurisdiction of the juvenile court over a child committing a crime continues once the juvenile attains adulthood. As amended in 1975, the 1973 Family Code makes plain that the juvenile court has exclusive jurisdiction over all proceedings involving delinquent conduct "by a person who was a child ... *at the time he engaged* in the conduct." Tex.Family Code Ann., § 51.04 (Vernon's 1985 pamphlet supp.) (emphasis added). However, neither the wording nor the sometimes-confusing Texas judicial interpretations of Article 2338–1, the now-repealed Juvenile Act, provide clarification of this important question.

The 1967 version of Art. 2338–1 in effect at the time of Moore's 1972 offense and

---

**1.** If only one conviction had been available to enhance his sentence, Moore would have been subject to imprisonment only for a term of not

less than two nor more than twenty years. Tex. Penal Code, §§ 12.33, 12.42(a).

1973 conviction included the following provisions:

Section 5(a) of that article gives the juvenile courts exclusive original jurisdiction in proceedings governing any "delinquent child." A "delinquent child" is a "child," defined, in the case of a male, as someone over the age of 10, but under 17, who violates any Texas penal law of the grade of felony. Art. 2338-1, *supra*, at § 3(a). Section 5(c) provides that the jurisdiction of the juvenile court continues until the child is discharged by the court or attains the age of twenty-one. The juvenile court may waive that jurisdiction under § 6(b) and transfer proceedings against the child to the appropriate district court if the child is over fifteen and is charged with a felony—elaborate procedures set forth in paragraphs 6(e) through 6(j) govern the waiver and transfer.

Section 7 of art. 2338-1 clearly implies that formal jurisdiction is obtained by filing a petition with the juvenile court.[2] Moreover, civil suits in Texas, as elsewhere, (a juvenile proceeding is a civil action in Texas) are commenced by filing a petition with the clerk pursuant to Tex.R.Civ.P. 22. Cases interpreting this provision clearly state that the court is vested with subject matter jurisdiction upon the filing of the petition. *Lawler v. Neathery*, 509 S.W.2d 453, 456 (Tex.Civ.App.1974).

III.

Stated succinctly, Moore's claim is that because he was a juvenile when he committed and was arrested for the offense resulting in the 1973 conviction, and because a petition to adjudicate him a delinquent was filed by the state in juvenile court, the juvenile court acquired exclusive jurisdiction over the proceedings against him, and the district court had no jurisdiction unless the juvenile court formally waived its exclusive jurisdiction and transferred the case in accordance with the provisions of art. 2338-1.

Were we to construe the statute as of first impression, we would readily agree with the extremely persuasive argument made by Moore's appointed counsel on this appeal. However, in part because art. 2338-1 provides specifically only for exclusive jurisdiction over proceedings governing any "delinquent *child*," a line of Texas decisions early held that once a "child" becomes an adult, the juvenile court loses jurisdiction over him, and that jurisdiction is determined by the delinquent's age at the time of trial. *Dearing v. State*, Tex. Cr.R. 6, 204 S.W.2d 983 (1947); *Dendy v. Wilson*, 142 Tex. 460, 179 S.W.2d 269 (1944); *Dillard v. State*, 439 S.W.2d 460 (Tex.Civ.App.1969), *writ ref. n.r.e.*[3] On the other hand, apparently there is no dispute that if the juvenile court had actually adju-

**2.** Section 7 of art. 2338-1 (1971) provided, in full:

Any person may, and any peace officer shall, give to the Judge, County Attorney, or to the Probation Officer of the county, information in his possession that a child is within the provisions of this Act. Thereupon the Judge, the County Attorney or the Probation Officer shall make or have made, preliminary inquiry to determine whether the interests of the public or of the child require that further action be taken. If either the Judge or the County Attorney shall determine that formal jurisdiction should be acquired, the County Attorney shall prepare and file in the court, or any attorney may prepare and file in the court, a petition alleging briefly the facts which bring said child within the provisions of this Act, and stating: (1) the name, age and residence of the child; the names and residences, (2) of his parents, (3) of his legal guardian, if there

be one; (4) of the person or persons having custody or control of the child; and (5) of the nearest known relative, if no parent or guardian can be found. If any of the facts herein required are not known by the petitioner, the petition shall so state. The proceedings shall be styled "in the matter of _____, a delinquent child".

**3.** *But see* concurring opinion of then Justice Sam D. Johnson, essentially indicating agreement with the construction of the statute urged by Moore's counsel, but noting the judicial constructions to the contrary and the subsequent unchanged wording of the statutory article despite amendments, observing that—although thus justified by the statutory text and legislative history—the jurisprudential jurisdiction test (age at time of trial) was "undoubtedly beyond any legislative contemplation." *Id.*, 439 S.W.2d at 463.

dicated the former juvenile as a juvenile delinquent, see art. 2335 and art. 2338–1, *supra* at § 13, than its exclusive jurisdiction attached.

An en banc decision of the Texas Court of Criminal Appeals, the state's high court for criminal appellate jurisdiction, overruled its decisions holding that the delinquent's age at the time of trial was determinative of jurisdiction in *Ex Parte Trahan*, 591 S.W.2d 837 (Tex.Cr.App.1979) (en banc). *Trahan* held, in a post-conviction state habeas proceeding, that a 1968 conviction for rape was void because, although the defendant was over 17 at the time of the plea and conviction, he was still a juvenile when he committed the offense and when he was indicted in state district court. The court held that "where criminal charges are brought against a juvenile who was 15 or older when he committed the offense, the juvenile court has exclusive jurisdiction," 591 S.W.2d at 841, and that the prior judicial interpretations were no longer controlling because of the 1967 statutory amendments providing for the juvenile court's discretionary transfer of jurisdiction to the district court, 591 S.W.2d at 842.[4] *See also Ex Parte Pierce*, 621 S.W.2d 634 (Tex.Cr.App.1981) (en banc).

Both *Trahan* and *Pierce, supra,* held, it will be noted, only that an indictment of a juvenile in district court is void because of the juvenile court's exclusive jurisdiction. To be sure, a logical corollary of the *Trahan* holding and rationale would be that, without formal transfer proceedings, the juvenile court's exclusive jurisdiction over a juvenile who committed a criminal offense would not be defeated by the prosecutor's indictment of the individual for the offense *after* the former juvenile attained the age of 17. It is also to be noted that in neither *Trahan* nor *Pierce* were proceedings ever instituted in juvenile court; rather, only indictments in the district court were ob-

tained, although when the individuals were arrested for the offenses, they were still juveniles.

Nevertheless, the plurality opinion of the en banc court in *Ex Parte Morgan*, 595 S.W.2d 128 (Tex.Cr.App.1980) (en banc), apparently limits *Trahan* to the narrow holding that only the indictment of a juvenile is void, not the indictment of a former-juvenile-now-adult for an offense committed while a juvenile. The court held that, in that case, the district court could properly exercise jurisdiction over the proceedings, for the habeas petitioner "was not a child within the terms of the statute [art. 2338–1 (1967)] at the time he was arrested, indicted, or tried," 595 S.W.2d at 129. (Three judges of the five-man majority concurred on the ground that the age at the time of trial determined jurisdiction.)

Attempting to reconcile *Morgan* with *Trahan* and *Pierce*, the *Morgan* majority, at the least, held that the indictment of a former juvenile after he attained majority was valid, even though the offense had been committed while still a juvenile; while *Trahan* and *Pierce* held only that the indictment of a juvenile was void, without reaching the issue of whether an indictment of that same juvenile, after he obtained adulthood, would likewise be void.

Finally, the Supreme Court of Texas, which is the high court for civil proceedings (which include juvenile proceedings), seems to have concluded that, even though juvenile proceedings had been instituted while the individual was a juvenile, a grand jury indictment handed down after the individual became an adult was valid and mooted an appeal from a juvenile court order waiving juvenile jurisdiction over the individual. *Hight v. State*, 483 S.W.2d 256, 257 (Tex.1972). The Texas intermediate court had held the appeal moot because age at the time of trial determined jurisdiction as

---

4. The court observed, 591 S.W.2d at 842:
   If the prior case law were controlling, the State could ignore the 1967 amendments, and indict and prosecute a 15- or 16-year-old defendant as an adult as long as he turned 17 before trial. This would deprive the juvenile

court of its exclusive original jurisdiction and would deprive the juvenile defendant of his right to the protection of the Section 6 transfer procedure, including the right to a waiver hearing and an examining trial.

between the juvenile and district courts, *Hight v. State*, 473 S.W.2d 348 (Tex.Civ. App.1971), but the state supreme court expressly disapproved this basis for the ruling, 483 S.W.2d at 257 ("The single fact of his reaching age seventeen has nothing to do with whether the case is moot"), and expressly based its ruling of mootness on the validity of the grand jury indictment as having been handed down after the juvenile (against whom juvenile proceedings *had* been instituted) attained the age of adulthood.

### IV.

Although we find Moore's reading of the statute to be the more persuasive one, and believe that his rule—that the juvenile court must waive jurisdiction over a juvenile over whom it acquires jurisdiction, and transfer the proceedings against that juvenile to the criminal district court *before* that court may proceed against that child as an adult—is the better one, the Texas cases do not demand such a result. Indeed, that specific contention was apparently rejected by the Texas Court of Criminal Appeals on direct appeal from the present 1979 conviction. *Moore v. State*, 629 S.W.2d 266, 269 (Tex.App.1982).

"State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a State's criminal statutes by the courts of that State except in extreme circumstances ..." *Mendiola v. Estelle*, 635 F.2d 487, 489 (5th Cir.1981). From our analysis of the Texas decisions that seem to be applicable, our best guess is that the Texas courts would find that the criminal district court indeed had jurisdiction over Moore's indictment for and conviction of the 1973 offense, and that formal waiver and transfer by the juvenile court was not necessary for this jurisdiction and the subsequent conviction to be valid.

### CONCLUSION

Because we find that state law was correctly applied in this case, no federal constitutional violation is presented. The judg-

ment of the district court dismissing the petitioner's habeas corpus application is therefore AFFIRMED.

AFFIRMED.