**Ex parte J.L. THOMAS.**

**No. 69847.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 4, 1987.

**364**

J. Craig Jett, Dallas, for appellant.

John Vance, Dist. Atty., and Leslie McFarlane, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION

CAMPBELL, Judge.

This is an application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

On June 14, 1984, a jury convicted the applicant of the offense of burglary of a habitation. After finding that the applicant had previously been convicted of a felony offense, punishment was assessed at fifty (50) years by the jury. The judgment was affirmed by the Dallas Court of Appeals in an unpublished opinion on May 31, 1985. Applicant did not file a discretionary review petition. Applicant attacks the validity of the enhancement paragraph, Cause No. C–67–3691–LK.

Applicant asserts that the conviction alleged for enhancement purposes is void because the district court did not have jurisdiction over him. He contends the required transfer procedure for juvenile cases was not followed. Applicant argues that after he was certified by the juvenile court to stand trial as an adult, he was not afforded an examining trial by the district court as required by then Article 2338–1 § 6, V.A.C.S.[1] We will deny relief.

1. Repealed, see V.T.C.A., Family Code § 54.02 for current enactment.

## FACTS

On December 23, 1966, Applicant was placed on a suspended commitment to the Texas Youth Counsel by the Juvenile Court of Dallas County, Texas, in Cause No. 66–2367–JUV for the offense of theft.

On March 28, 1967, Applicant was arrested by the Dallas Police Department and booked into the Dallas City Jail for investigation of rape, sodomy, armed robbery, and kidnapping, based on events that occurred at or near Bexar Lake in Dallas County, Texas. At the time of arrest, the Dallas Police Department recorded Applicant's date of birth as September 27, 1948, and as July 7, 1949. Applicant's true date of birth is July 7, 1950. On the date of the commission of the aforesaid offenses, Applicant was sixteen years of age.

On April 4, 1967, Applicant was transferred from the Dallas City Jail to the Dallas County Jail, at which time his age was correctly recorded as sixteen. In mid-April, Applicant was no-billed on one rape charge and one armed robbery charge. Thereafter, on April 19, 1967, Applicant was released from the Dallas County Jail and transferred to the Dallas County Juvenile Home.

On May 4, 1967, in Cause No. 66–2367–JUV, In the Matter of Joe Lewis Thomas, A Delinquent Child, Applicant's juvenile probation officer filed a motion for further orders, which alleged that Applicant had committed the offenses of rape and armed robbery while on probation for theft. On May 5, 1967, the Juvenile Court of Dallas County, Texas, entered an order committing the Applicant to detention in the Dallas County Juvenile Detention Home pending certification to stand trial as an adult. Also, on May 5, 1967, the Judge of the Juvenile Court of Dallas County, Texas, certified that Applicant be transferred to Criminal District Court No. 2 of Dallas County, Texas for criminal proceedings for theft in Cause No. 66–2367–JUV.[2]

2. On September 10, 1967, Cause No. 66–2367–JUV was dismissed by the Judge of Criminal District Court No. 2.

On July 7, 1967, Applicant attained his seventeenth year. On July 11, 1967, the Applicant was transferred from the juvenile detention home to the Dallas County Jail and was booked on robbery and rape charges. On August 28, 1967, seven weeks after his seventeenth birthday, the Applicant was indicted for two rapes (Causes No. C67–3689–LK and C67–3690–LK) and for three robberies (Causes No. C67–3691–LK through C67–3693–LK). Each of these charges arose out of the events that occurred on March 28, 1967, at or near Bexar Lake in Dallas County, Texas.

An examining trial was not conducted in regard to any of these five charges against the Applicant in Criminal District Court. On August 30, 1967, an attorney was appointed to represent the Applicant in the aforesaid cases filed in Criminal District Court No. 4. On November 27, 1967, the Applicant plead guilty before the Court to all five of the charges and was sentenced to thirty years in the Texas Department of Corrections in each case.

### CONCLUSION

Applicant argues that his certification was for the rape and robbery charges, not the earlier theft charge. Therefore, according to Applicant, the district court's failure to hold an examining trial in accordance with Article 2338–1 § 6 V.A.C.S., renders all convictions void.

We disagree with Applicant, and find that Article 2338–1, supra, was not applicable to the rape and robbery causes.

The certification order reads as follows:

On this, the 5th day of May, 1967, came on to be considered the motion for further orders filed in the above entitled and numbered cause; that on or about the 23rd day of December, 1966, said Joe Lewis Thomas was declared delinquent and whom the Court finds to be a child born on the 7th day of July, 1950, and being 16 years of age at the time the act upon which the motion is founded is alleged to have occurred; and the Court further finds that said act would be a felony under the laws of the State of Texas if committed by an adult; and the

Court after diagnostic study, social evaluation and full investigation, is of the opinion that it is contrary to the best interest of said child and the public to retain jurisdiction.

Therefore, I, Lewis F. Russell, Judge of the Juvenile Court of Dallas County, Texas, hereby certify such child, Joe Lewis Thomas, to the Criminal District Court No. 2 of Dallas County, Texas, for proper criminal proceedings and included herein and made a part of this certification is this written order, the same being the findings of the Judge of the Juvenile court of Dallas County, Texas, and said certifications [sic] is hereby accompanied by a complaint against the said child accusing him of a felony offense, to wit, rape and armed robbery, of which said offense the said Criminal District Court NO. 2 has jurisdiction.

It is the further order of the said Juvenile Court of Dallas County, Texas, that the Clerk of the said Juvenile Court transmit forthwith to the Criminal District Court No. 2 of Dallas County, Texas, this written order and findings of said Juvenile Court of Dallas County, Texas, and said complaint attached hereto.

Applicant was under the jurisdiction of the juvenile court for the offense of theft, in Cause No. 66–2367–JUV. After he committed the offenses of rape and robbery while on juvenile probation, the juvenile probation officer filed a motion for further orders in that cause. Thereafter, the juvenile court judge certified Applicant to be transferred to District Court for criminal proceedings in that cause. Because that case was later dismissed, the district court's failure to grant an examining trial in that cause is moot. Further, that lack of an examining trial has no bearing on the rape and robbery indictments and convictions.

Applicant was indicted on the rape and robbery charges after he became seventeen years old. The State had not previously invoked the juvenile court jurisdiction as to those five cases by filing petitions. Thus, the failure to hold an examining trial on those five charges in no way invalidates

the resulting convictions. *Moore v. McCotter,* 781 F.2d 1089 (5th Cir.1986); *Ex parte Morgan,* 595 S.W.2d 128 (Tex.Cr.App.1980); *Salazar v. State,* 494 S.W.2d 548 (Tex.Cr. App.1973); *Ex parte Miranda,* 415 S.W.2d 413 (Tex.Cr.App.1967). We distinguish from the instant case, those cases in which the defendant was only sixteen years old when indicted. See *Cordary v. State,* 596 S.W.2d 889 (Tex.Cr.App.1980); *Ex parte Trahan,* 591 S.W.2d 837 (Tex.Cr.App.1979).

The relief sought herein is denied.

CLINTON, J. dissents for reasons stated in *Ex parte Morgan* with respect to amendments made to Section 6, Article 2338–1 in 1965.